54 F.3d 774
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Charles SCOTT, Plaintiff-Appellant,
v.
CITY of Camden; Donald Farrow; Johnny Robinson; Glenn
Hopple, Defendants-Appellees.
 No. 94-1644.
 United States Court of Appeals, Fourth Circuit.
 Submitted: March 21, 1995.
Decided: May 19, 1995.
 
 Charles Scott, Appellant Pro Se. Robert Bunyan Lewis, Isaac McDuffie Stone, III, Lewis Reeves & Stone, Columbia, SC, for Appellees.
 D.S.C.
 AFFIRMED.
 Before HALL, NIEMEYER, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Charles Scott appeals the district court's grant of a Motion for Judgment as a Matter of Law pursuant to Fed.R.Civ.P. 50(a). Scott alleged in his complaint that police used excessive force against him during a stop of his sister's car in which he was a passenger. He sought recovery against the officers and the City of Camden, South Carolina for violation of his constitutional rights under 42 U.S.C. Sec. 1983 (1988), and for state claims of battery and intentional infliction of emotional outrage. At the close of Scott's evidence before a jury, the district court granted the Rule 50(a) motion. The court concluded that the amount of force used against Scott was reasonable under the Fourth Amendment. We agree.
 
 
 2
 The grant of a Rule 50 motion is reviewed do novo. Malone v. Microdyne Corp., 26 F.3d 471, 475 (4th Cir.1994). We consider whether, without weighing the evidence or judging witness credibility, reasonable jurors could have reached only one conclusion. Gairola v. Virginia Dep't of Gen. Servs., 753 F.2d 1281, 1285 (4th Cir.1985). We find that the district court properly evaluated Scott's excessive force claim under the Fourth Amendment. Graham v. Connor, 490 U.S. 386, 394-95 (1989). The court considered all the circumstances in determining that the force used in this case was reasonable, from the perspective of a reasonable officer on the scene. Id. at 396-97.
 
 
 3
 In view of the propriety of the officers' actions, Scott's claim against the City fails as well, see Monell v. Department of Social Servs., 436 U.S. 658 (1978), as do the pendent state claims. See Gathers v. Harris Teeter Supermarket, Inc., 317 S.E.2d 748, 754 (S.C. Ct.App.1984) (battery is the actual infliction of unlawful, unauthorized violence on the person of another); Strickland v. Madden, 448 S.E.2d 581, 584 (S.C. Ct.App.1994) (intentional infliction of emotional outrage requires conduct so extreme and outrageous as to exceed all bounds of decency).
 
 
 4
 We therefore reject Scott's contention that the district court erred in failing to submit the case to the jury for decision. We deny Scott's motion to proceed in forma pauperis on appeal, and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED